FILED
CLERK, U.S. DISTRICT COURT
FEB 16 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SIRHAN BISHARA SIRHAN,<br><br>Petitioner,<br><br>vs.<br><br>GEORGE GALAZA, WARDEN, et al.,<br><br>Respondent. | CV 00-5686-CAS (AJWx)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |



## I. FACTUAL AND PROCEDURAL HISTORY

On April 17, 1969, Sirhan Bishara Sirhan ("petitioner") was convicted by a jury for the 1968 assassination of Senator Robert F. Kennedy. On May 25, 2000, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he was denied effective assistance of counsel.

On July 24, 2000, petitioner filed a motion to recuse the Honorable Christina A. Snyder and Magistrate Judge Andrew J. Wistrich, as well as all district and magistrate judges of the Central District of California. Pursuant to General Orders 224 and 194, the motion to recuse was randomly assigned to the Honorable Consuelo B. Marshall.

S:\Orders\CIVIL\2000\00-05686.2.reconsid.wpd

On August 18, 2000, Judge Marshall denied petitioner's motion for recusal, concluding that petitioner had "failed to demonstrate that all of the judges [in the Central District] . . . are incapable of adjudicating this case without bias or prejudice." August 18, 2000 Order Denying Motion to Recuse at 3.

On August 31, 2000, petitioner filed a motion for reconsideration of the Court's August 18, 2000 Order. On November 30, 2000, Judge Marshall denied the motion for reconsideration and declared that its previous order remained in full force and effect. On January 19, 2001, Judge Marshall granted petitioner's ex parte application for an order to stay this action pending appeal of the August 18, 2000 Order denying petitioner's motion to recuse by way of writ of mandamus.

Petitioner then filed a petition for a writ of mandamus which was denied by the Ninth Circuit on May 15, 2002. On July 29, 2002, the Ninth Circuit denied petitioner's motion for reconsideration and petition for rehearing en banc. On January 13, 2003, the Supreme Court denied petitioner's petition for a writ of certiorari.

On May 30, 2003, petitioner filed a motion to transfer this action to the Eastern District of California pursuant to 28 U.S.C. § 2241(d), or in the alternative, to recuse the assigned magistrate judge. On July 7, 2004, the Court denied petitioner's motion to transfer, rejecting petitioner's contention that an adjudication of this action by any district judge or magistrate judge in the Central District would give rise to an appearance of bias. See July 7, 2004 Order.

On July 13, 2004, petitioner filed an ex parte application for an order extending the time for petitioner to file a motion for reconsideration of the July 7, 2004 Order. The Court granted petitioner's ex parte application on July 17, 2004, and extended the time for petitioner to file a motion for reconsideration to and until September 17, 2004. On July 19, 2004, petitioner filed a motion for reconsideration of the July 7, 2004 Order. ("Mot."). On September 27, 2004 respondent filed its opposition and on January 31, 2005, petitioner filed his reply.

## II. LEGAL STANDARD

Local Rule 7-18 provides that: "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of failure to consider material facts presented to the Court before such decision." Local Rule 7-18 also provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

## III. DISCUSSION

Petitioner argues that the Court should reconsider its July 7, 2004 Order on the grounds that there have been changes of law and fact. First, petitioner argues that Ninth Circuit law has changed since Judge Marshall's Order denying recusal. In particular, petitioner argues that Bennett v. Mueller, 296 F.3d 752, 763 (9th Cir. 2002), "vitiates" Judge Marshall's conclusion that "the theoretical possibility that Judge Byrne might be called to testify in an evidentiary hearing is too speculative and contingent to require or justify recusal of every district and magistrate judge in the Central District." Mot. at 3. Petitioner also argues that respondents' procedural arguments, as summarized in Judge Marshall's Order, are without merit or have been subject to changes in the law in light of Bennett. Mot. at 4-6.

Second, petitioner argues that a change of facts merits reconsideration. Petitioner argues that an FBI document which is central to his argument for Transfer or Recusal, was not discovered until after Judge Marshall's ruling.[1] Mot. at 7. Petitioner

---

[1] Petitioner contends that this document was "submitted with Petitioner's Reply brief, which the Court stated was reviewed prior to the order filed on July 7, 2004." Mot.
(continued...)

contends that this document "supports Petitioner's claim that the U.S. intelligence agencies, including the F.B.I., set up Petitioner's counsel in advance of the RFK assassination" and that "[p]etitioner demonstrates that U.S. Attorney Byrne played a significant role in exploiting counsel's resultant 'dilemma' and in thereby causing him to throw Petitioner's defense."[2] Id. at 7.

Respondent argues that Bennett does not provide a basis for granting petitioner's motion because it was decided before the Court considered petitioner's arguments in its July 7, 2004 Order. Opp'n at 5. Further, respondent reiterates its position that petitioner's claims are procedurally barred because they are untimely. Id. at 5. Respondent argues that the need for an evidentiary hearing in this case "remains 'speculative and contingent'" and thus demonstrates that it is unlikely that Judge Byrne will ever need to testify. Id. at 5-6. Nevertheless, respondent argues that even if an evidentiary hearing were to occur, petitioner has failed to point to any change in facts or law that demonstrates that all judges in this district were or are incapable of

---

[1](...continued)
at 7. In his reply, petitioner contends that the Court failed to consider this evidence or to consider this evidence under the appropriate standard of "appearance" of bias rather than actual bias. Reply at 3. However, even assuming all of petitioner's assertions are true, the Court does not find any of these circumstances sufficient to create any appearance of impropriety.

[2] At oral argument, petitioner's counsel argued that it is improper for his habeas petition filed pursuant to 28 U.S.C. § 2254 to be referred to a magistrate judge, in particular because magistrate judges are subordinate to the district court judges of this Court, all of whom are colleagues of Judge Byrne. See also Mot. at 9; Reply at 4. However, for the reasons set forth in this Court's July 7, 2004 Order, which references Judge Marshall's August 18, 2000 Order, the Court finds it inappropriate to enter an order withdrawing the referral of petitioner's habeas petition to a magistrate judge of this Court. If petitioner were correct, the policy of rule 1.4 of the Local Rules Governing the Duties of Magistrate Judges would be overridden whenever a habeas petitioner argues that the magistrate judge is subservient to the district judge. See Local Rules Governing Duties of Magistrate Judges 1.4 (referring state habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 to magistrate judges).

1  adjudicating the case without bias or prejudice. Id. at 6. Finally, respondent argues
2  that the exhibits attached to his motion, including FBI documents from 1966, are not
3  new and that they fail to demonstrate the likelihood of an evidentiary hearing or bias by
4  the judges in this district. Id. at 6-7.

5  The Court concludes that it is not appropriate to reconsider its July 7, 2004
6  Order. Even assuming that petitioner's contentions about changes in law and fact are
7  correct, these purported changes occurred before the Court's July 7, 2004 Order.
8  Petitioner has not demonstrated that changes in law or fact have occurred since the
9  Court considered petitioner's arguments in its July 7, 2004 Order. Accordingly, the
10 Court DENIES petitioner's motion.

## IV. CONCLUSION

For the reasons discussed herein, the Court hereby DENIES petitioner's motion for reconsideration.

IT IS SO ORDERED.

Date: February 9, 2005

*Christina A. Snyder*
CHRISTINA A. SNYDER
United States District Judge

S:\Orders\CIVIL\2000\00-05686.2 reconsid.wpd

5